Hillsborough, } No. 3757.
Mar. 1, 1949. }

ANDREW L. BRUNEL & a.

*v.*

THE NASHUA BUILDING & LOAN ASSOCIATION.

*Warren, Wilson, Wiggin & Sundeen (Mr. Sundeen* orally), for the plaintiffs.

*J. Leonard KillKelley* (by brief and orally), for the defendant.

BLANDIN, J.   The procedural objections raised by the defendant present little difficulty.   It is too elementary to require citation that such matters under our laws are governed by what justice and convenience require.   As no abuse of discretion appears in the Court's consideration of certain motions out of order, the defendant's exceptions relative thereto are overruled.   It further appears that the real grounds for the plaintiffs' complaints were known to the defendant as a result of conferences between the parties some two years before the trial.   During the trial evidence was introduced elaborating their position.   The defendant was not taken by surprise by this evidence, to which it made no objection, nor was it put to any disadvantage afterwards by the allowance of the amendment to the plaintiffs' cause of action, as the record discloses that the basis of the plaintiffs' amended action was not contract but tort for the defendant's negligent conduct of their affairs, testimony concerning which was of course admissible.   It seems the Court's discretion in permitting the amendment was properly exercised.   *Brown* v. *Brockway*, 87 N. H. 342; *Dondero* v. *Ferranti*, 90 N. H. 554.

The defendant, however, claims that it should prevail because no action sounding in tort can be maintained to recover damages for a breach of contract.   We turn therefore to a review of the authorities to determine whether this contention is well founded on the facts of this case.

The uncontradicted testimony of the plaintiffs was to the effect that they were totally inexperienced in real estate matters and that the defendant's secretary told them that "we had nothing to fear"; that "he would take care of everything" and gave them to understand that they would receive a clear title.   He further assured them that "there was no need of hiring a lawyer, and that he had been doing that [i.e. handling the details of real estate transactions] for years and would treat us right."   The plaintiffs testified they relied completely upon the defendant's performance of the undertaking and did nothing to protect themselves.

The case was submitted to the jury on a charge to the effect that if they found the defendant undertook to act for the plaintiffs and performed so negligently as to result in damage to them without fault of their own they could recover. The jury returned a verdict in their favor to which the association excepted.

The defendant's argument overlooks the fact, previously mentioned, that the suit here rests not on the contract but on the broad and sensible principle running throughout our tort law that one who undertakes to act must use ordinary care. *Kimball* v. *Norton*, 59 N. H. 1; *Nashua &c. Company* v. *Railroad*, 62 N. H. 159, 161; *Edwards* v. *Lamb*, 69 N. H. 599; *Kambour* v. *Railroad*, 77 N. H. 33, 45, 46; *Knowles* v. *Company*, 77 N. H. 268, 270; *Jackson* v. *Company*, 86 N. H. 81, 83; *Holmes* v. *Schnoebelen*, 87 N. H. 272; *Mehigan* v. *Sheehan*, 94 N. H. 274.

The evidence warrants a finding that the defendant in effect volunteered to act as the plaintiffs' agent and see to it that they received an unencumbered title. The latter reasonably relying upon this promise, hiring no lawyer and taking no other means to protect themselves, were damaged as a result. In such cases the law is clear that they may recover. Restatement, Agency, *s.* 378; Seavey, Liability of an Agent in Tort, 1 Southern Law Quarterly 16. *Camp* v. *Roanoke Guano Company*, 235 Ala. 61, and authorities cited.

Actually it is not necessary to call the defendant the plaintiffs' agent to hold it responsible. If it may be said that the defendant voluntarily assumed to act in any capacity, under the circumstances here, it is liable for the breach of its common law duty to use ordinary care. "The duty to use care in rendering a service arises not from a right to receive the service, but from the relation between the parties which the service makes." *Tullgren* v. *Company*, 82 N. H. 268, 270. See also, *Hubbard* v. *Gould*, 74 N. H. 25, 28; *Kambour* v. *Railroad, supra*, 45, 46; *Kenney* v. *Wong Len*, 81 N. H. 427, 438; *Jackson* v. *Company*, *supra*; *Mehigan* v. *Sheehan*, *supra*.

It is also immaterial that the occasion for the parties meeting was the contract and that the tort liability relates to the same subject matter as the contract. *Mehigan* v. *Sheehan*, *supra*, 275; *Holmes* v. *Schnoebelen*, *supra*, 273, 274; 1 C. J. S. Actions, *s.* 47. It appears that other cases in this state which might be considered as supporting a contrary doctrine to the above are either distinguishable on their facts, or have failed to define the line between *an obligation purely contractual and one imposed by law apart from the contract*, as in this case. It is the fact of the parties relationship and not the manner in

which it arises which is decisive. *Kambour* v. *Railroad, supra*, 45, 46.

The defendant's remaining exceptions to the qualifications of the experts raise no substantial questions, as no abuse of discretion appears. *Dowling* v. *Shattuck*, 91 N. H. 234; *Carignan* v. *Company, ante,* 333, and cases cited. The record also shows that, after objection to a portion of the charge, the Court further instructed the jury relative to the same matter at the defendant's request, and to this no objection was made. It must be presumed that any exception thereto was waived; however, an examination of the charge discloses no error.

The order, therefore, is

*Judgment on the verdict.*

JOHNSTON and DUNCAN, JJ., dissented: the others concurred.

JOHNSTON and DUNCAN, JJ., were of the opinion that the talk between the parties was integrated in the written agreement of July 16, 1940 and evidence of it was incompetent by reason of the parol evidence rule; that ordinarily an action cannot be maintained for negligent failure to perform a contract; and that the present case falls within no exception to the latter principle.