Carl SHAPIRO, Samuel B. and Shirley B. Beaser Trust, Bernard Madoff and Rhonda S. Segal, Plaintiffs,

v.

MIAMI OIL PRODUCERS, INC. and Dunigan Enterprises, Inc., Defendants,

v.

Edward B. KOSTIN, Third-Party Defendant.

Civ. A. No. 77–3406–K.

United States District Court, D. Massachusetts.

July 13, 1979.

Peabody, Brown, Rowley & Storey, Francis J. Lawler, Boston, Mass., Duncan S. Payne, Peabody, Brown, Rowley & Storey, Boston, Mass., for plaintiffs.

Herrick & Smith, Peter L. Resnik, Boston, Mass., for Dunigan.

Burns & Levinson, John B. Connarton, Jr., Boston, Mass., for Miami.

Christian M. Hoffman, Foley, Hoag & Eliot, Boston, Mass., for Kostin.

## MEMORANDUM

KEETON, District Judge.

The matter before the court is the motion of third-party defendant Kostin to dismiss the Third Party Complaint of Dunigan and the Amended Third Party Complaint of Miami Oil pursuant to Rules 12(b)(6) and 9(b).

### I. Jurisdiction and Pleadings

Plaintiffs' Complaint against defendants is in two counts. In Count I plaintiffs allege misrepresentations regarding the income-tax consequences of investment arrangements entered into by plaintiffs and defendants, asserting jurisdiction under 15 U.S.C. § 78aa and asserting liability for violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5, 17 C.F.R. § 240.10b–5. In Count II plaintiffs allege that defendant Miami Oil failed to provide certain financial information to plaintiffs, in breach of the contract between them and in breach of defendant's fiduciary duty to plaintiffs. Jurisdiction is alleged on the basis of diversity of citizenship and the principle of pendent jurisdiction. Defendants deny the allegations of misrepresentation, breach of statutory obligations, breach of contract, and breach of fiduciary duty and, in the alternative, in their third-party complaints seek relief against third-party defendant Kostin in the event they are held liable to plaintiffs. The third-party complaints allege that Kostin, a certified public accountant, was retained by plaintiffs as an investment advisor. No special relationship between third-party plaintiffs and Kostin is alleged. Jurisdiction is alleged on the basis of 15 U.S.C. § 78aa and, as to Miami Oil's claims, on the basis of diversity of citizenship.

### II. Lack of Particularity

Insofar as the motions are based on Rule 9(b), they are founded on the contention that third-party plaintiffs fail to set forth their allegations with particularity. The particularity requirement of Rule 9(b) extends to "all averments of fraud or mistake." Thus, the rule extends to averments of fraud or mistake, whatever may be the theory of legal duty—statutory, tort, contractual, or fiduciary. Rule 9(b) requires that the circumstances constituting fraud or mistake shall be stated with particularity. *Denny v. Barber*, 576 F.2d 465 (2d Cir. 1978); *Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442, 444–45 (2d Cir. 1971); *Lincoln Nat'l Bank v. Lampe*, 414 F.Supp. 1270, 1279 (N.D.Ill.1976). The rule, however, does not extend to allegations of breach of duty, whether or not characterized as fiduciary, by conduct not amounting to fraud or mistake.

Dunigan's Third Party Complaint contains a single count. In all relevant respects, it is identical with Count I of Miami Oil's Amended Third Party Complaint, which alleges (1) that some or all of the false or misleading representations made to and relied upon by the plaintiffs were made to the plaintiffs by Kostin, who knew or was reckless in failing to know that the representations by him were false or misleading, and (2) that to the extent that false or misleading representations were made to plaintiffs by persons other than Kostin, Kostin was informed that such representations had been made, had undertaken to advise plaintiffs with respect to their truth, completeness and reliability, knew or was reckless in failing to know that such representations were false or misleading, and failed to inform the plaintiffs that they were false or misleading. The

allegation that Kostin had undertaken to advise and thereafter, in breach of that undertaking, failed to inform the plaintiffs is not in itself an "averment of fraud or mistake" to which Rule 9(b) applies. However, Dunigan's Third-Party Complaint and Count I of Miami Oil's Amended Third-Party Complaint do not allege failure to inform with respect to any matter other than that representations made to plaintiffs were false and misleading. Thus, the allegations of these representations are essential to the statement of the claim. The allegations that these representations were false or misleading are "averments of fraud or mistake," and Rule 9(b) requires that they be made with particularity.

These "averments of fraud or mistake" are in themselves too general to meet the requirements of Rule 9(b). Are they made sufficiently particular by reference to the Plaintiffs' Complaint?

■ One aspect of this question arises from the alternative form of the allegations. Third-party plaintiffs, alternatively to denying the allegations of false representations and failure to provide information appearing in the complaint against them, and on condition that plaintiffs prove these allegations, say that third-party defendant made the same false representations and was responsible for any failure of plaintiffs to receive information. To the extent that particularity can be supplied by reference to the allegations against the third-party plaintiffs, the seeming lack of particularity is more accurately described as an alternative or conditional quality of the allegations against the third-party defendant. In light of the authorization for alternative pleading clearly expressed in Rule 8(e), it would be inappropriate to read Rule 9(b) as precluding pleading in this alternative form.

In this case, some degree of particularity is supplied by reference to the complaints against the defendants who are also the third-party plaintiffs, including allegations of representations that each "partner" in the proposed "limited partnership" would be entitled to a federal income tax deduction on his individual tax return for 1972 in the amount of his initial capital contribution to the "partnership" and that there was no relationship between Miami Oil and Dunigan that would cause such a deduction to be disallowed. Plaintiffs' Complaint, however, did not allege that Kostin made those representations or failed to advise that they were false. Third-party plaintiffs, by merely alleging in the alternative that everything alleged against them by plaintiffs is alleged "on information and belief" against third-party defendant, do not meet their burden of particularity with respect to the circumstances of the third-party defendant's representations or failure to inform and advise. Third-party plaintiffs are not precluded from alternative pleading, nor from "information and belief" allegations that are properly founded in accordance with Rules 8(e) and 11. But properly founded and particular allegations are required. Blanket "information and belief" adoption of allegations against them by plaintiffs, even if determined to be properly founded, do not meet the particularity requirement of Rule 9(b).

When the impermissibly general averments of fraud or mistake are stricken, Dunigan's Third Party Complaint and Count I of Miami Oil's Amended Third Party Complaint fail to state a claim and are subject to dismissal under Rule 12(b)(6). As to them, the motion to dismiss will be allowed, subject to leave to third-party plaintiffs to file, within 60 days, amended third-party complaints.

■ Count II of Miami Oil's Amended Third Party Complaint refers to Count II of Plaintiffs' Complaint (which alleged that defendant Miami Oil failed to provide certain financial information in breach of Miami Oil's contract and fiduciary duties to plaintiffs), and alleges, on information and belief, that as plaintiffs' investment advisor Kostin had a duty to receive information from Miami Oil and pass it on to plaintiffs along with investment and financial advice and that if plaintiffs lacked adequate information the cause was Kostin's failure to pass on information received from Miami Oil and Kostin's failure to provide invest-

ment and financial advice. Although not excluding the possibility of a claim that some of the "information" was of a type constituting "fraud or mistake," these allegations plainly are broad enough to include "information" and "advice" beyond the scope of "fraud or mistake." In this context, dismissal of Count II of the Amended Third Party Complaint is not an appropriate remedy against lack of particularity. However, rather than simply to deny the motion to dismiss as to Count II because it asks too much, it is appropriate to treat the motion as also seeking the lesser-included relief of dismissing from Count II any claim depending on fraud or mistake, since Count II contains no averment of fraud or mistake sufficiently particular to comply with Rule 9(b). It will be so ordered, with leave to Miami Oil to file an amended Count II within 60 days.

■ A problem may be presented by a lack of clarity and specificity with respect to which allegations are averments of fraud or mistake and which are not. The burden of clarification is placed upon the third-party plaintiffs. If amended third-party complaints are filed they will be treated as not including averments of fraud or mistake, and thus not supporting at trial any claim dependent on proof of fraud or mistake, except to the extent that they specify clearly the averments that are intended to be averments of fraud or mistake and make them with the particularity required by Rule 9(b).

### III. Indemnity

An additional ground of Kostin's 12(b)(6) motion, applicable to Dunigan's Third Party Complaint and to Count I of Miami Oil's Amended Third Party Complaint, is that indemnity "for alleged reckless, wanton or intentional violations" of federal securities laws would be against public policy and accordingly is not available. Both third-party plaintiffs allege entitlement "to contribution from Kostin for all or part of any sums that may be adjudged against" them in favor of plaintiffs. In a filed memorandum and in oral argument, Miami Oil disa-

vows any claim of indemnity (full reimbursement) as distinguished from contribution (partial reimbursement). Dunigan declines to make a similar disavowal, calling attention to Ruder, Multiple Defendants in Securities Law Fraud Cases: Aiding and Abetting Conspiracy, In Pari Delicto, Indemnification, and Contribution, 120 U.Pa. L.Rev. 597 (1972), and cases therein discussed. If a claim for indemnity is pressed, it will be more appropriate to consider this question of law in the less abstract context of more fully developed facts. The court makes no ruling on the issue of indemnity at this time.

### IV. Duty

Kostin also states, in support of the 12(b)(6) motion as to Count II of Miami Oil's Amended Third Party Complaint, that Miami Oil has not alleged facts establishing a legal duty, express or implied, which requires Kostin to indemnify or make contribution to Miami Oil and has not alleged facts sufficient to make Kostin a joint tortfeasor. Much of Kostin's argument is based on the premise that claims for reimbursement, at least in the context of Miami Oil's Count II, depend on breach of a "joint" duty.

It may be disputed whether the controlling law is federal (securities statutes, regulations and precedents applying them) or state (contract, fiduciary, and perhaps tort) and, if state, what bodies of law of what state or states apply. By way of analogy, in any event, the history of concepts of "joint" liability in tort law may be helpful.

"Joint" is a term of art the meaning of which has varied not only over time but also with context. An early meaning of "joint tortfeasors" referred to persons found to have acted in concert in producing consequences for which each was fully liable and with respect to which, under rules then applied, no contribution was allowed. Prosser, Torts §§ 46, 50 (4th ed. 1971). The terms "joint tort" and "joint tortfeasors" acquired different meanings, however, as they came to be used in relation to other legal questions. One of these questions was whether the plaintiff would be allowed to

join two alleged wrongdoers in the same action. From initially strict rules limiting joinder to cases of persons acting in concert, English and American legal systems have moved through phases of less rigorous constraints toward liberal rules regarding joinder. Id. at § 47. If one chooses to say that all who can be joined in one action under the more liberal rules are "joint tortfeasors," then the current meaning of "joint tortfeasors" in this context of susceptibility to joinder is far different from the original meaning of that term, developed at a different time and for a different purpose. Precedents defining "joint tort" for a different time and context are more likely to misguide than to guide a court confronting a different issue at a time when associated elements of both procedural and substantive law are substantially different. Similarly, the concept of "joint" duty, upon which third-party defendant's argument relies, is useful to decision of the present issue only to the extent that the precedents cited for the meaning asserted can be related to the present issue in the present substantive and procedural context.

Key elements of the present context are the applicable rules regarding rights of reimbursement, partial or full, between two persons each of whom is subject to liability to a third. Reimbursement among tortfeasors was disfavored in early American law. Until the 1960's, only a handful of American jurisdictions, by statute or by court decisions, allowed contribution among tortfeasors. Id. at § 50. In the 1960's and 1970's, however, courts in some states [1] and legislatures in many others, including Massachusetts,[2] have shifted the weight of American law to favor contribution among tortfeasors.

Kostin contends that rules regarding contribution *among tortfeasors* do not apply to Miami Oil's Count II because it does not invoke tort claims. Miami Oil responds that the duties invoked in Count II are fiduciary duties, breach of which is a tort.

In any event, whatever conceptual labels may be chosen, the issue remains whether the controlling body of law favors or disfavors distribution of the burden of loss between two persons both of whom are liable to a third. Miami Oil's Count II alleges, among other things, that if Miami Oil failed to provide information it had a duty to plaintiffs to provide, Kostin also failed to provide information he had a duty to plaintiffs to provide. If these allegations are supported by proof, does the controlling body of law support distribution of the burden of loss between them? If so, may that result be accomplished through a claim for reimbursement by one held liable for more than the allocated share of the burden?

Certainly in relation to tortfeasors, and perhaps in relation to violators of legal duties not having their source in tort law, to say that rights of reimbursement between two persons are limited to cases of breach by each of those two persons of a "joint" duty to a third person can be accurate under current law only if one ascribes to "joint" duty a special meaning sharply contrasting with ordinary usage. It seems more useful, and less likely to mislead, to explain the current rules regarding rights of reimbursement as rules within which breach by each of two persons of a "joint" duty to a third is only one of the circumstances in which reimbursement is allowable. The fact that one duty, arising out of one relationship to the third party, may be defined by securities law, or by contract law or the law of fiduciary obligation, while the other, arising out of another relationship to the third party, may be defined by contract law or the law of obligation of an investment advisor, does not preclude the possibility that each violator will be subject to full liability for a defined harm suffered by the third person. When such overlapping liabilities of two persons to a third are recognized, the legal system must choose among the legal outcomes of duplicative recovery by the third person (as it does under "collat-

---

1. E. g., *Li v. Yellow Cab Co.*, 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975); *Hoffman v. Jones*, 280 So.2d 431 (Fla.1973).

2. Mass.Gen.Laws c. 231B.

eral source" rules),[3] windfall protection for one of the two violators (as it did under no-contribution-among-tortfeasor rules), and some form of reimbursement between the two violators.[4] Developments of the last two decades with respect to contribution among tortfeasors, in the law of Massachusetts and other American states as well, have moved strongly toward the last of these options.[5] At least when the issue is presented on motion to dismiss, and when no applicable precedents rejecting the tort analogy have been cited by the parties or found by the court, it seems inappropriate to determine that labels of tort cannot properly be attached to the breaches of duty alleged here[6] and that for this reason reimbursement is precluded.

In this context, the argument that third-party plaintiffs fail to allege any basis for "joint" duty, even if it should be sustained, falls short of showing that no claim for reimbursement is stated. Third-party defendant cannot at this time, relying on pleadings alone, show with certainty that third-party plaintiffs will not be able to offer evidence at trial supporting claims for at least partial reimbursement. In attempting to do so, third-party plaintiffs will not be limited to theories of "joint" duty. Rulings as to the scope of any reimbursement the law and facts may support— whether partial or full, and whether characterized as contribution or indemnity—are more appropriately deferred pending development of the facts.

### V. Conclusion

For reasons stated in Part II supra, (1) all averments of fraud or mistake in the third-party complaints are stricken for noncompliance with Rule 9(b); (2) Dunigan's Third Party Complaint and Count I of Miami Oil's Amended Third Party Complaint, as thus modified, are dismissed for failure to state a claim upon which relief can be granted; and (3) third-party plaintiffs may, within sixty days, file amended third-party complaints in which any averments of fraud or mistake are clearly identified as such and are made with the particularity required by Rule 9(b). (4) As to any claims within Count II of Miami Oil's Amended Third Party Complaint that depend on averments of fraud or mistake, Kostin's motion to dismiss is allowed; as to other claims in Count II, Kostin's motion to dismiss is denied.

verted property upon payment of the judgment in the action of trover, id. § 15, p. 80.

**3.** See Harper & James, Torts § 25.22.

**4.** The potential theories of reimbursement, only some of which may apply to the present case, include "contribution"—Prosser, Torts § 50 (4th ed. 1971)—"indemnity"—id. § 51—"subrogation," and other theories under which the violator who pays the third person succeeds to all or part of the rights of the third person against the other violator—as occurs, e. g., when the converter acquires title to the con-

**5.** See notes 1 and 2, *supra.*

**6.** It may be noted that some courts have treated some duties arising from contractual relationships as duties arising under tort law. See, e. g., *Brunelle v. Nashua Bldg. & Loan Assoc.,* 95 N.H. 391, 64 A.2d 315 (1949).