Ralph E. HUDDLESTON and Chester E. Bradley, Jr., Individually and as designated Class Representatives, Plaintiffs-Appellees,

v.

HERMAN & MacLEAN, etc., et al., Defendants,

Herman & MacLean, Certified Public Accountants, a partnership, and Lawrence A. LoPatin, Leslie Share, Defendants-Appellants.

No. 79–3712.

United States Court of Appeals, Fifth Circuit. Unit A

July 13, 1981.

Jackson, Walker, Winstead, Cantwell & Miller, James L. Truitt, Jack Pew, Jr., Dallas, Tex., for defendants-appellants.

Stephen Wasinger, Detroit, Mich., for Lawrence A. LoPatin and Leslie Share.

Robert H. Jaffe, Springfield, N.J., David S. Komiss, Houston, Tex., for plaintiffs-appellees.

Richard L. Symonds, Asst. Atty. Gen., Austin, Tex., Ralph C. Ferrara, Gen. Counsel, Anne H. Sullivan, Atty., Jacob H. Stillman, Assoc. Gen. Counsel, Elisse B. Walter; Richard A. Kirby, S.E.C., Washington, D.C., Amicus Curiae.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion 5 Cir. 1981, 640 F.2d 534)

BEFORE WISDOM, RUBIN and SAM D. JOHNSON, Circuit Judges:

ALVIN B. RUBIN, Circuit Judge:

The Petition for Rehearing is DENIED and no member of this panel nor Judge of this Administrative Unit in regular active service having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16; Fifth Circuit Judicial Council Resolution of January 14, 1981), the suggestion for Rehearing En Banc is DENIED.

Subparts B and C of Section V of the opinion are changed to read as follows:

B. Written Comments by Outside Director

■ The notes taken at a January, 1970, TIS board meeting by an outside director, who at the time of the introduction of the notes into evidence was a defendant, were admitted over a hearsay objection by the defendants, presumably on the basis that they were admissible against him as admissions against interest. If this was the basis, the trial court should have instructed the jury that they were inadmissible against LoPatin, Share and H&M. Once the outside director was no longer a party, a directed verdict having been rendered in his favor, the notes were no longer admissions of a party. In the absence of any other basis for their use, the notes are double hearsay as to LoPatin, Share and H&M, for they were not under oath and they concerned what was said by a party not under oath. Rule 802, Fed.R.Evid. We express no opinion concerning the admissibility of the notes under Rule 803(1), Fed.R.Evid., as statements describing or explaining an event made while the declarant was perceiving it or immediately thereafter, if a proper foundation is laid. Neither do we rule upon the admissibility at a new trial of the outside director's testimony concerning what was said by a party to the proceedings. *Compare* Rules 801 and 803(3), Fed.R. Evid. (hearsay exception for state of mind).

C. Evidence of Events Occurring After the Class Period

■ The defendants objected to the admission of evidence concerning events that

took place after the end of the class period. Of course, evidence that LoPatin and Share failed to fulfill corporate fiduciary duties was not relevant to the securities claim. Unless some adequate basis for the admissibility of this evidence is established, it should be excluded.

The fact that TIS gave a lien to Holloway Sand & Gravel Co. in mid–1970 to secure the debt owed to the contractor for construction of the speedway bears on the accuracy of the Use of Proceeds section of the prospectus to the extent that it establishes the amount for which the contractor remained uncompensated from the proceeds of the offering. Although the special issues put to the jury necessarily focused on the accuracy of the Use of Proceeds section as of October 30, 1969, the lien created after the class period was relevant to establish that the cash available after payment of construction costs was misstated in the prospectus. The SEC Form 10K report for the fiscal year ending November 30, 1969, was based on financial data unavailable until March, 1970. However, the 10K report established the financial position of the company during the class period. Portions of it may be admissible as a record of regularly conducted activities, i. e., business records, Rule 803(6), Fed.R.Evid., if a proper foundation is laid. It may be difficult or impossible to establish that the report in toto is admissible because the Rule requires that the memorandum be made "at or near the time" of the event it describes. Rule 803(6), Fed.R.Evid. If its admissibility is established, the court should instruct the jury concerning the limited purpose for which it may be considered.