In re ATLANTIC FINANCIAL MAN-
AGEMENT, INC., SECURITIES
LITIGATION.

UNITRODE PROFIT SHARING PLAN
and Profit Sharing Trust Fund, et
al., Plaintiffs,

v.

ATLANTIC FINANCIAL
MANAGEMENT, INC.,
et al., Defendants.

BECKER PARIBAS INCORPORATED,
Defendant/Third Party Plaintiff,

v.

Walter B. GATES, et al., Third
Party Defendants.

M.D.L. No. 584.
Civ. A. Nos. 83–0321–T, 82–2962–T,
82–3330–T, 82–2745–T, 82–2604–C
and 83–402–T.

United States District Court,
D. Massachusetts.

Jan. 15, 1985.

Henry F. Minnerop, Judith Welcom, Brown, Wood, Ivey, Mitchell & Petty, New York City, and John A.D. Gilmore and Charles R. Dougherty, Hill & Barlow, Boston, Mass., for Becker Paribas Incorporated, defendant/third party plaintiff.

Peter G. Hermes, Peabody & Arnold, Boston, Mass., for third party defendants Walter B. Gates, George M. Berman and Alan R. Shoolman (83–321–T).

Fernande R.V. Duffly, Warner & Stackpole, Boston, Mass., for third party defendants Ruth Mann Horowitz and Robert L. Horowitz (82–2745–T).

Harriet H. Onello, Boorstein & DelVecchio, and Paul R. Gupta, Sherin & Lodgen, Boston, Mass., for third party defendants Therese Higgins and Thomas E.J. deWitt (83–402–T).

John J. O'Connor, Jr., Roche, Carens & DeGiacomo, Boston, Mass., for third party defendant Herbert J. Myers (82–2962–T).

Brian M. Hurley, Rackemann, Sawyer & Brewster, Boston, Mass., for third party defendant Suzanne Scribner (82–2604–C).

Harold W. Potter, Jr., Sherburne, Powers & Needham, Boston, Mass., for third party defendant Peter G. Casabonne (82–3330–T).

## MEMORANDUM AND ORDER

SKINNER, District Judge.

Becker Paribas Incorporated ("Becker"), an investment broker, has been named one of six defendants in six related securities actions brought by purchasers of common stock in AZL Resources, Inc. The plaintiff purchases are pension plans or inter vivos trusts. Becker in turn has brought third party actions or counterclaims for contribution under Fed.R.Civ.P. 13 and 14(a) against the fiduciaries of these plaintiffs individually (the "Fiduciaries"). The Fiduciaries have moved to dismiss Becker's contribution claims pursuant to Fed.R.Civ.P. 9(b), 12(b)(2), and 12(b)(6), and to impose sanctions under Rule 11.

### I.  *Factual Background.*[1]

The defendants in these related suits, in addition to Becker, are Atlantic Financial Management, Inc. ("Atlantic"), a registered investment advisor; Tuton, DiIanni & Draizin, Inc. ("TDD"), a brokerage firm affiliated with Atlantic; and Messrs. Tuton, DiIanni and Draizin, the principals of Atlantic and TDD (together, the "Atlantic defendants").

From 1979 through 1981, the plaintiffs entered into contracts with Atlantic for investment advice and management of the plaintiffs' portfolios. From late 1980 through May 1982, Atlantic purchased large amounts of common stock for the plaintiffs' accounts issued by AZL Resources, Inc. ("AZL") and other enterprises engaged in the risky and speculative business of oil and gas drilling.

Atlantic, Tuton and DiIanni caused the purchases to be handled through TDD. Becker, under a correspondent clearing agreement with TDD, acted as clearing broker for these purchases. Becker furnished confirmations of all transactions and monthly statements to each plaintiff reflecting the purchases of stock for the plaintiff's account.

The AZL and other speculative stocks dominated the portfolios built by Atlantic, accounting for between a quarter and nine-tenths of the stock purchases Atlantic directed for the plaintiffs. Market prices of these stocks, especially AZL, plummeted in early 1982, and the plaintiffs' losses ranged between $100,000 and $2,500,000.

### II.  *Plaintiffs' claims against Becker.*

#### A.  *Breach of fiduciary duty and negligent management (Counts IV and X).*

Plaintiffs allege that the various defendants, including Becker, failed to exercise the required high degree of care in the selection of investments for the plaintiffs, in violation of their fiduciary duty.

#### B.  *Violation of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b–5 (Count VIII).*

Plaintiffs allege that Becker knew of the unsuitability of the investments for the plaintiffs and knew of the conflict of interest between the plaintiffs and the other defendants. They allege that Becker wrongfully failed to disclose these material facts to the plaintiffs and thus aided and abetted the fraudulent conduct of the other defendants.

---

1.  For the purposes of these motions, I take the facts as alleged by Becker to be true. The following summary adopts Becker's allegations.

### C. *Common Law Fraud (Count IX).*

Plaintiffs allege that the conduct of Becker which constituted violation of Section 10(b) and Rule 10b–5 also was common law fraud.

### III. *Becker's Claims Against the Fiduciaries.*

Becker claims that if it is held liable to the plaintiffs, it is entitled to contribution from the various Fiduciaries. The basis for contribution is that the Fiduciaries were each liable to their respective plans and trusts in the following respects:

A. Breach of fiduciary duty and negligence in permitting the undue concentration of the investment and the investment in unsuitable stocks.

B. By failing to correct the overconcentration and by continuing to employ the defendant Atlantic after learning of its bad investment policy, the Fiduciaries substantially assisted in the violation of Section 10–b and Rule 10b–5.

### IV. *Merits of the Motions to Dismiss the Counterclaims and Third Party Claims for Contribution.*

■ The viability of a claim for contribution depends upon three elements: (1) the existence of "overlapping liability" of two persons; (2) support in the controlling body of substantive law for distribution of the burden of loss between the two; and (3) the availability of a procedural avenue for advancing the claim between them. *Shapiro v. Miami Oil Producers, Inc.,* 84 F.R.D. 234, 239 (D.Mass.1979).

In this case, Becker and the Fiduciaries may have overlapping liability to the plaintiff plans and trusts. If Becker is found to be liable for the wrongs · alleged in the complaint, the Fiduciaries could be held liable for failure to protect their beneficiaries from the wrongs committed by Becker. The liability would be "overlapping" because for the same loss, even though, as Judge Keeton says in the above-cited case, the theoretical basis for liability may be different in each case. There are also ample procedural devices in the federal rules for resolving the claims between them, and there are any number of cases permitting contribution in cases involving securities. *See, · e.g., Huddleston v. Herman & MacLean,* 640 F.2d 534, 556–557 and nn. 37–38 (5th Cir.), *modified,* 650 F.2d 815 (5th Cir. 1981), *aff'd in part, rev'd in part on other grounds,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983). Contribution in fiduciary cases is probably available under M.G.L. c. 231B. *See Wolfe v. Ford Motor Co.,* 386 Mass. 95, 100, 434 N.E.2d 1008 (1982); Comment, "Joint Tortfeasors", 43 B.U.L.Rev. 417, 419 (1963).

■ The problem comes in identifying any controlling body of law which permits a wrongdoer to exact contribution from the victim. The Fiduciaries here were the legal owners of the trust properties which are the subject of these cases. Even though they are not beneficial owners, they were not only the nominal but the actual principals to whom the defendants owed a duty of disclosure in addition to their duty toward the beneficiaries. This is not a case where illegal acts were generated by the Fiduciaries, and the liabilities of the adviser and broker are derivative. The liability of the defendant Becker is based on breach of a duty to disclose information. The Fiduciaries' liability would be based on their imprudent reliance on the defendants, including Becker. *See Morgan, Olmstead, Kennedy & Gardner, Inc. v. Schipa, et al.,* 585 F.Supp. 245 (S.D.N.Y.1984), rejecting defendants' claims that plaintiffs' failure to discover defendants' fraud supports counterclaim for set-off and defenses of *in pari delicto* and failure to mitigate damages.

■ To impose contribution in this setting is in effect to graft a theory of comparative fault onto securities law. Comparative fault has no place in the law of fraud, in Section 10(b) and Rule 10b–5 litigations or in cases involving a fiduciary relationship. *Cf. Stratton Group, Inc. v.*

*Sprayregen,* 466 F.Supp. 1180, 1185 (S.D. N.Y.:1979) (contribution will lie only between "joint participants" in securities fraud); *Morgan, Olmstead, Kennedy & Gardner, Inc. v. Schipa, supra.* These branches of the law, insofar as they apply to transactions in securities, are designed to insure that knowledgeable professionals, such as the defendants, take reasonable steps to protect investors no matter how improvident they may be. *See Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 195, 96 S.Ct. 1375, 1382, 47 L.Ed.2d 668 (1976). Becker's theory of contribution turns this basic principle on its head.

In my opinion, the Fiduciaries' motions to dismiss should be allowed and the third party complaints and counterclaims against the Fiduciaries dismissed.

This conclusion is not affected by the fact that some of the Fiduciaries are trustees under ERISA. Becker is not bringing a claim under ERISA and is not barred by 29 U.S.C. § 1132(a). ERISA trustees are not totally shielded by 29 U.S.C. § 1105(d)(1) from liability for general oversight of the administration imposed by 29 U.S.C. § 1104, even though they were not named fiduciaries, and their duty is not delegable. In view of the opinions expressed above, I need not elaborate on the convolutions of ERISA at this point, except to say that the *amicus* brief of the Secretary of Labor contains a sound analysis of the problem.

While I disagree with Becker's arguments in support of its third party complaints and counterclaims, I do not find that Becker interposed them without warrant, and so deny the motion for imposition of sanctions under Fed.R.Civ.P. 11.

### ORDER

The third party complaints and counterclaims of Becker against the Fiduciaries in all of the referenced cases are DISMISSED for failure to state a claim upon which relief may be granted.