Grafton
No. 91-139

PRISCILLA K. GOSSELIN

v.

J. PETER GOSSELIN

November 10, 1992

*Jones & Wade,* of Lebanon (*Douglas A. Jones* on the brief) and *Wiggin & Nourie,* of Manchester (*W. Wright Danenberger* orally), for the plaintiff.

*Law Offices of Thomas H. Trunzo, Jr., P.A.,* of West Lebanon (*Thomas H. Trunzo, Jr.* on the brief and orally), for the defendant.

JOHNSON, J. The defendant, J. Peter Gosselin, appeals the Superior Court's (*Smith,* J.) order finding him in contempt for failing to pay money owed to the plaintiff, Priscilla K. Gosselin, pursuant to the parties' divorce stipulation. We affirm in part, reverse in part, and remand.

The parties were divorced on September 22, 1988, at which time they had four children. The divorce decree incorporated a permanent stipulation in which the defendant agreed to pay one-half of their son Kiel's net college costs at Syracuse University, and both parties agreed to contribute to the reasonable college expenses of their sons Brent and Heath "to the extent they are financially able." The defendant also agreed to indemnify the plaintiff from any claim "arising out of the matter of *Wallen v. J. Peter Gosselin,*" a case that was pending in the Grafton County Superior Court.

On February 2, 1990, the plaintiff filed a motion for contempt alleging that the defendant had failed to pay one-half of Kiel's education costs and seeking reimbursement for those costs and attorney's fees incurred in bringing the contempt action. The court held a hearing on the plaintiff's motion on March 5, 1991, at which both parties appeared *pro se.* During the court's direct examination of the plaintiff, the plaintiff raised issues that were not formally pleaded in the motion for contempt; specifically, the plaintiff asked for reimbursement of one-half of their son Heath's private secondary school tuition ($5500), and for $4000 in attorney's fees incurred in protecting herself from the defendant's bankruptcy filing. The defendant did not object to the introduction of these collateral matters. The plaintiff also testified that the defendant's share of Kiel's education costs was $6000, and that her attorney's fees related to the contempt action totalled $2000.

In his testimony, the defendant did not contest his obligation to pay any of the items claimed by the plaintiff. The defendant asserted

his willingness to pay his fair share of the obligations contained in the stipulation, but alleged that he lacked the present ability to pay anything, due to his bankruptcy and prolonged unemployment. He also alleged that the plaintiff had never provided him with documentation of the costs claimed. On cross-examination, the defendant admitted that he had sold shares of stock for $80,000 three years earlier. The defendant failed to fully account for more than $26,000 of that sum.

At the conclusion of testimony, the court found the defendant in contempt, ordered him to pay $4000 forthwith or stand committed, and ordered him to pay an additional $13,500 on or before June 30, 1991. The defendant subsequently paid the $4000 and was released from jail.

On appeal, the defendant argues that the court abused its discretion by ordering him to jail unless he paid an amount that he lacked the ability to pay; that the court abused its discretion by ordering him to pay for expenses that were not mentioned in the motion for contempt; and that the court abused its discretion by failing to require substantiation of the costs alleged by the plaintiff. The defendant also raises a due process claim, but as it was not presented below, we will not address it on appeal. *See State v. McAdams*, 134 N.H. 445, 446, 594 A.2d 1273, 1273 (1991).

The defendant's payment of the $4000 required to obtain his release from jail renders his argument relating to imprisonment moot.

We next consider whether the trial court properly permitted the scope of the proceeding to be enlarged. "In deciding whether to permit an amendment [of pleadings], the court is guided solely by 'what justice and convenience require.'" R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 245, at 178 (1984) (quoting *Brunel v. Association*, 95 N.H. 391, 393, 64 A.2d 315, 317 (1949)). "In determining this issue, the court will balance the injustice which the moving party will suffer if the amendment is not allowed against the prejudice which [the moving party's] opponent will suffer if it is." *Id.* "Even when the amendment will have some substantive effect on the progress of the case, the court will grant it unless the opponent can show a prejudice which cannot be cured by some compensating relief." *Id.* at 179.

In this case, the defendant consented to the enlargement of the proceeding by voluntarily participating in active discussion and

cross-examination of the new matters raised at trial. Justice and convenience were advanced by allowing the parties to resolve all of the contested matters in one proceeding, thus obviating the need for future pleadings and court proceedings. The defendant was not prejudiced by the enlargement of the proceeding. He did not contest his underlying obligation on any of the plaintiff's claims for reimbursement. Instead, he raised two general defenses equally applicable to all of the plaintiff's claims: lack of documentation and lack of ability to pay. The defendant's defense would have been no different had he received notice in the pleadings of all the plaintiff's claims. Therefore, the trial court did not abuse its discretion in allowing the parties to enlarge the scope of the proceeding by their willing participation in matters not raised in the motion for contempt.

■ ■ Finally, we address the defendant's contention that the court abused its discretion by failing to require substantiation of the amounts for which the plaintiff sought reimbursement. The trial court has broad discretion over the admission of evidence in divorce cases and is not bound by the rules of evidence. N.H. R. Ev. 1101(d)(3). In this case the amounts to which the plaintiff testified regarding Kiel's and Heath's tuitions were reasonable and within the customary range of college and secondary school tuitions. The court was within its discretion to rely solely on the plaintiff's oral testimony with respect to the amounts of tuition she had paid. The defendant's objection goes to the weight of the evidence. On this record the evidence was sufficient for the trial court to find as it did.

■ With respect to the plaintiff's claims for attorney's fees, however, we hold that the court abused its discretion in failing to require documentation of those amounts. The court must determine reasonableness of the attorney's fees and, in order to do so, must have some evidence of the services performed, the time involved and the fee arrangement.

■ Similarly, the $4000 attorney's fees claimed for the plaintiff's defense in the bankruptcy action should be documented. Only those costs related to "claim[s]" arising out of *Wallen v. Gosselin* are indemnified. The court should have required an itemized attorney's bill and an accounting of billable hours, in order to ascertain what portion, if any, of the fees is subject to indemnification.

Upon remand the court's order should be amended to reflect that the defendant is ordered to pay the plaintiff the unpaid balance of

$7,500. We ramand for reconsideration of the claimed attorney's fews.

*Affirmed in part; reversed in part and remanded.*

All concurred.