**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0357, <u>In the Matter of Suzanne Brule and Robert Brule</u>, the court on April 3, 2015, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Robert Brule (husband), appeals a final decree of the Circuit Court (<u>Lawrence</u>, J.), in his divorce from the petitioner, Suzanne Brule (wife). He argues that the trial court erred in: (1) awarding the wife alimony based upon his anticipated retirement benefits from a non-assignable pension; (2) admitting, and relying upon, the wife's present value appraisal of his pension; (3) failing to divide the pension pursuant to the <u>Hodgins</u> formula; (4) awarding lifetime alimony to the wife; and (5) failing to consider certain factors in determining the amount of the alimony award.

The husband first argues that the trial court erred in awarding the wife alimony of $1,800 per month based upon his anticipated pension benefits, given the parties' agreement that the pension is not assignable. The trial court is afforded broad discretion in awarding alimony. <u>In the Matter of Harvey & Harvey</u>, 153 N.H. 425, 430 (2006), <u>overruled on other grounds by</u> <u>In the Matter of Chamberlin & Chamberlin</u>, 155 N.H. 13, 15-16 (2007). We will not overturn its decision on such matters unless it is lacking in evidentiary support or tainted by error of law. <u>In the Matter of Fowler & Fowler</u>, 145 N.H. 516, 519 (2000).

The record shows that the husband has a pension from the City of Manchester. According to the member benefit statement the husband submitted at the final hearing, if he retires at age sixty, his estimated monthly pension will be $3,678.51 per month for life. At the time of the hearing, the husband was fifty-two years old, and the wife was fifty-three years old. For purposes of their divorce, the parties agreed that the husband's pension is not divisible marital property, and the trial court, for purposes of its decree, accepted their agreement. The trial court reasoned, however, that if the pension were divisible, the wife would be entitled to fifty percent of the benefits that accrued during the marriage. Accordingly, the trial court determined that it would be equitable to award the wife alimony of $1,800 per month, approximately one-half of the husband's expected monthly benefit if he retires at age sixty, starting when the husband retires.

The husband argues that the trial court erred in considering the pension in determining the amount of alimony to award the wife because the pension is not assignable. We disagree. RSA 458:19, IV(b) (2004) provides that "[i]n determining the amount of alimony to be awarded, the court shall consider the length of the marriage; the age, health, social or economic status, occupation, amount and sources of income, the property awarded under RSA 458:16-a, vocational skills, employability, estate, liabilities, and needs of each of the parties; the opportunity of each for future acquisition of capital assets and income . . . and the federal tax consequences of the order." (Emphasis added.) Included in this list of factors that the court must consider are the "amount and sources of income" and the opportunity for future income. See RSA 458:19, IV(b). Accordingly, we conclude that the trial court did not err in considering the husband's anticipated pension benefits, a source of future income, in determining the amount of alimony to be awarded to the wife.

The husband next argues that the trial court erred in admitting and relying upon the wife's appraisal of his pension because: (1) the wife failed to disclose the appraisal in discovery; (2) the report was not properly authenticated and lacked a proper foundation; and (3) it was inaccurate. The trial court is not bound by the rules of evidence in divorce cases. Gosselin v. Gosselin, 136 N.H. 350, 353 (1992); N.H. R. Ev. 1101(d)(3). We review a trial court's decision on the management of discovery and the admissibility of evidence under an unsustainable exercise of discretion standard. In the Matter of Hampers & Hampers, 154 N.H. 275, 280 (2006). To meet this standard, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. Id. The wife submitted a report from a pension appraiser for the purposes of determining an equitable distribution of the pension. The report showed the present value of the husband's pension to be $515,531.24. However, as previously noted, the trial court accepted the parties' agreement that the pension is not divisible, and it did not include the pension in its property division. Instead, the trial court relied upon the member benefit statement the husband submitted to determine his anticipated income in retirement. Upon this record, we conclude that the husband has failed to demonstrate that the trial court's decision to admit the appraisal was clearly untenable or unreasonable to the prejudice of his case. See id.

The husband next argues that if the trial court considered the pension to be marital property, it should have applied the Hodgins formula. See Hodgins v. Hodgins, 126 N.H. 711, 716 (1985), superseded by statute on other grounds by RSA 458:16-a, I (2004). The record is clear, however, that the trial court accepted the parties' agreement that the pension was not divisible and did not include it in the marital property division. The trial court further ordered that,

2

"If the parties determine that husband's pension is assignable, wife is awarded a share of it pursuant to the <u>Hodgins</u> formula and when she begins receiving benefits, husband's alimony obligation will end."  Accordingly, we find no error.

The husband next argues that the trial court erred in awarding alimony to the wife for her lifetime, asserting that such an award undermines the rehabilitative purpose of alimony.  Although we have recognized that the primary purpose of alimony is rehabilitative, we have also recognized that "the express language of the alimony statute dictates that alimony awards need not be rehabilitative in all cases."  <u>In the Matter of Nassar & Nassar</u>, 156 N.H. 769, 777 (2008); <u>see</u> RSA 458:19, I (providing for alimony awards that are "either temporary or permanent, for a definite or indefinite period of time").  In this case, the trial court determined that an award of alimony is equitable in part because, under the <u>Hodgins</u> rule, if the pension were assignable, the wife would be entitled to fifty percent of it for the rest of her life or, if there is no survivor's benefit, until the husband's death.  The trial court determined that "[e]quity requires that in place of the pension benefits, wife must have the [same] steady stream of retirement income as husband."  The husband argues that the trial court failed to consider his inability to meet his own reasonable needs in the future and the wife's ability to become self-sufficient.  However, the record shows that the trial court considered the husband's expected future income and expenses, including income and expenses during the period of his anticipated retirement.  The court also considered that the wife has no retirement assets of her own.  Pursuant to the decree, she will receive fifty percent of the husband's 401(k) account, which had a balance of approximately $30,370 when the divorce petition was filed.  The trial court also considered that the wife is expected to receive less social security income than the husband based upon their respective earning histories.  The record supports the trial court's determination that a lifetime alimony award is equitable under these circumstances.  <u>See</u> <u>In the Matter of Fowler</u>, 145 N.H. at 519 (We will not overturn a trial court's alimony determination unless it is lacking in evidentiary support or tainted by error of law.).

Finally, the husband argues that the trial court failed to consider numerous other factors in determining the amount of the alimony award, including that:  (1) he has multiple jobs; (2) he has had to seek assistance from a food pantry on occasion; (3) the wife forced him to close his business, which has resulted in a loss of income; (4) the wife is unwilling to reside with her brother, or to live outside of Manchester; (5) he has very little furniture, no motor vehicle, and is supporting his daughter and grandson; (6) the wife is receiving one-half of the equity in the home and other assets from the marital estate; and (7) he occasionally supports the wife when they socialize together with family.  The trial court stated that it entered its decree "[a]fter consideration of the parties' testimony."  The fact that the trial court did not discuss each of these factors in its order does not imply that the court did not consider them.  <u>In re Jonathan T.</u>, 148 N.H. 296, 304 (2002).  The husband

3

also asserts that although the trial court stated in its order that it considered the tax consequences of the alimony award, it failed to explain how the tax consequences factored into its decision.  In the absence of a party's request, the trial court is not obligated to make specific findings of fact.  Id.  We assume the trial court considered each of these factors and found the alimony award to be equitable.  See id.  Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in its alimony award.  See In the Matter of Harvey, 153 N.H. at 430.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**