Hillsborough, } No. 3915.
June 6, 1950. }

### State *v.* Walter P. Desilets.

*William L. Phinney*, Attorney General and *Warren E. Waters*, Law Assistant (*Mr. Waters* orally), for the State.

*Maurice A. Broderick* (by brief and orally), for the defendant.

Kenison, J. The crime of committing unnatural and lascivious acts (R. L., c. 449, s. 9) is more comprehensive in the scope of the

conduct prohibited than the common law crime of sodomy. *State v. Vredenburg*, 91 N. H. 372. The defendant contends, however, that there can be no valid conviction because Laws 1949, c. 314, an act relating to the care, treatment and rehabilitation of sexual psychopaths, effective July 28, 1949, impliedly repeals the statute under which he was found guilty. Repeal by implication "is not to be found if any other reasonable construction may avoid it." *State v. Wilton Railroad*, 89 N. H. 59, 61, 62; *Gauthier v. Gosselin*, 94 N. H. 496. Furthermore section 16 of the latter act specifically provides that where a person is adjudged not a sexual psychopath "criminal proceedings shall be resumed as if no proceedings under this act had been instituted." The defendant was arrested, arraigned, tried and convicted before the latter statute became effective and the defendant is not affected by its passage. Laws 1949, c. 314, s. 13. The statute is prospective in its operation and suspends criminal trials after an arrest only when the statutory machinery has had its full operation. *Id., s. 3*.

The defendant demands to be discharged because he was convicted on testimony of the boy and an accomplice's testimony is not a reliable source of evidence upon which a conviction can be based. The Trial Court, in accordance with the usual practice in this state, followed the common law rule that corroboration of an accomplice's testimony is not required although the jury were cautioned that this was a crime that "is easy to accuse a man of and . . . difficult to find a man innocent of." No error was committed. Corroboration or the testimony of more than one witness is required only in those crimes where the Constitution or a statute specifically requires it as an exception to the general rule. R. L., c. 449, s. 4; R. L., c. 456, s. 1. See *Weiler v. United States*, 323 U. S. 606.

It is urged that the boy's testimony was a violation of his constitutional rights since it incriminated him as an accomplice or joint principal in the crime. The Presiding Justice advised both the boy and his mother in chambers of their right to refuse to answer questions which would tend to incriminate them but they both testified. The argument is made that the waiver of the privilege cannot be made by the infant or a guardian or sanctioned by the Court and if it could be that it was for the benefit of the minor not to waive the privilege. No authority is cited which supports that result. The right to assert the privilege against self-incrimination and the right to waive it is personal to the witness. *State v. Cote*, 95 N. H. 108. Neither the exercise of the privilege nor its waiver can be controlled by the defendant. *State v.*

*Foster*, 23 N. H. 348; *State* v. *Hanley*, 249 Wis. 399. The record indicates that the personal privilege was intelligently waived and the defendant's exception thereto is overruled.

The introduction of evidence of similar offenses committed by the defendant upon the boy at other times than stated in the indictment is claimed to be prejudicial. The state is not allowed to show defendant's bad character or his disposition, propensity or tendency to commit the crime for which he is indicted. *State* v. *LaPage*, 57 N. H. 245. Such evidence of similar offenses is admissible when offered to prove motive, intent, preparation, plan, design or identity. *State* v. *Wallace*, 9 N. H. 515; *State* v. *Marvin*, 35 N. H. 22; *State* v. *Wargo*, 83 N. H. 532. The prior existence of a sexual passion in A for B, whether normal or abnormal, is relevant to show its existence at the time the crime was committed on B. "The circumstance that the prior or subsequent conduct exhibiting the passion is criminal does not alter the case nor affect the admissibility of the evidence." 2 Wig. Ev. (3d *ed.*), *s.* 398. The evidence that the defendant used gifts, promises, threats, an assault and false statements on prior occasions was admissible to show the plan by which the defendant "took the boy over" and reduced him to his control. Except for one ambiguous colloquy between Court and counsel at the bench "there is nothing to show that the evidence was admitted to show bad character or a tendency to commit the crime or for any general persuasive bearing." *State* v. *Wargo, supra,* 533.

At the beginning of the trial the solicitor informed the Court and defendant's counsel at the bench that the State would introduce evidence of similar acts with other boys. Since such evidence was not introduced, it is unnecessary to consider the narrow and limited extent to which such evidence may be admissible. Anno. 167 A. L. R. 565; *State* v. *Skaff*, 94 N. H. 402; *State* v. *Hersom*, 84 N. H. 433. Evidence that the defendant falsely told the boy he had a son Donald, and that the defendant would be instrumental in obtaining employment for the boy in Hollywood was properly admitted to show the plan and method the defendant used to induce the mother of the boy to allow him to live with the defendant. *State* v. *Braley*, 81 N. H. 323.

The remaining exceptions to the admission and exclusion of evidence involve discretionary matters within the province of the Presiding Justice in which no error appears.

*Exceptions overruled.*

All concurred.