STATE OF CONNECTICUT *v*. FRANK ROBERTS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 1-19515

Argued January 9—decided March 3, 1967

*Harold E. Stuart,* of Stamford, for the appellant (defendant).

*Arnold Markle,* chief prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was convicted of managing and maintaining a place where policy playing is carried on in violation of § 53-298 of the General Statutes and has appealed, assigning as error the court's instruction to a state's witness on self-incrimination, the admission of certain evidence, and the limiting and restricting of the cross-examination of the state's witnesses. There is no finding and none was required. The defendant followed the procedure set forth in our rules. Practice Book §§ 957, 1006 (4).

In the first assignment of error, the defendant raises the adequacy of the court's instruction to a state's witness as to her privilege against self-incrimination. The defendant's attorney did not represent the witness. The claim of privilege against self-incrimination is personal and can be made solely by the person whose privilege it is. Whether the witness chooses to permit disclosure without objection or whether he prefers to exercise the exemption which the law concedes to him is a matter resting entirely between himself and the court. 8 Wigmore, Evidence § 2196, p. 111 (McNaughton Rev. 1961). The right to waive the privilege is personal to the witness, and no one can waive it for him. Neither the exercise of the privilege nor its waiver can be controlled by the defendant. *Bowman* v. *United States,* 350 F.2d 913, 915; *State* v. *Foster,* 349 S.W.2d 922, 925 (Mo.); *State* v. *Desilets,* 96 N.H. 245, 246; 98 C.J.S. 311, Witnesses, § 456 (a). The defendant cannot object

if the witness for the state chooses to answer incriminating questions, nor can he object even though the court failed to accord the witness due constitutional immunity. *Bowman* v. *United States,* supra; *State* v. *Foster,* supra. The witness is the only one who can exercise his privilege, and the defendant is not entitled to complain. *Malloy* v. *Hogan,* 150 Conn. 220, 227, rev'd on other grounds, 378 U.S. 1.

During the course of the argument on whether the court had adequately advised the witness of her privilege against self-incrimination, the prosecutor stated he had given the witness immunity from further prosecution and the court stated that the witness was immune from both federal and state prosecution, to which ruling the defendant took exception. Connecticut does not have a general immunity statute, and in the instant case it is unnecessary for us to discuss the effect of the prosecutor's remark, for the issue of its effectiveness can only be raised by the witness herself and not by anyone else. It is part and parcel of the privilege against self-incrimination, and what we have said above governs. The court's ruling was undoubtedly erroneous under the current state of the law. This, however, does not entitle the defendant to a reversal, for it is well settled that the privilege against self-incrimination is personal to the witness, and the defendant is without right to take advantage of the error. A witness having a privilege secured to him by the constitution cannot be required to waive that high constitutional right upon the suggestion either by the court, who had no right to make it, or by the prosecutor, who is powerless to redeem his pledge that no prosecution would be instituted against the witness. *Apodaca* v. *Viramontes,* 53 N.M. 514; see *Malloy* v. *Hogan,* supra. The constitutional privilege of immunity is,

however, wholly personal to the witness, and it cannot be claimed by or for another. *State* v. *Desilets,* supra.

The defendant's next assignment of error is directed to the court's allowing a witness to testify as to what she did as a result of telephone calls made on the premises when the defendant was not present. She stated she made certain calls and would write down on a paper certain information received from those calls. The paper was introduced as a state's exhibit without objection. The defendant claims that the witness' testimony was inadmissible hearsay. "This claim can be briefly disposed of. The testimony concerning the telephone calls was offered, not to prove that the statements made in them were true, but as evidence of betting activity. Such evidence is admissible, not as an exception to the hearsay rule, but because it is not within that rule." *State* v. *DeNegris,* 153 Conn. 5, 12.

The defendant's final assignment of error is addressed to the court's limiting and restricting cross-examination of the state's witnesses. On the second day of the trial, the defendant asked a state's witness, Thaon Rogers, if she had a conversation with a police officer the night before. Her reply was "No." The answer was given before the state objected, so there can be no error. As to the limitation of the cross-examination of state's witnesses Ernest Junes and Earl Junes on exhibits admitted in evidence without objection, we cannot say that the court erred in excluding the questions, for they were in the nature of preliminary questions on the admissibility of the documents themselves. Such an examination, if it is to take place at all, must precede the actual admission of the documents into evidence. *Shulman* v. *Shulman,* 150 Conn. 651,

658 n. Furthermore, there is nothing in the record to contradict the statement of the court "that we have gone far enough into this." It was within its discretion to refuse to permit the matter again to be made the subject of inquiry. *State v. Jones,* 132 Conn. 682, 683.

As to other rulings excluding certain evidence offered by the defendant, he did not avail himself of the provisions of the rules and did not state his claim of admissibility at the time the evidence was excluded. Since he made no attempt so to do, the rulings excluding the proffered evidence cannot be held to constitute reversible error. *Casalo v. Claro,* 147 Conn. 625, 630. "Cross-examination to elicit facts which tend to show motive, interest, bias or prejudice is a matter of right, and although the extent of such cross-examination may often rest in the sound discretion of the court, a denial of the right, or its undue restriction, will constitute reversible error. . . . It is generally held that cross-examination for this purpose is a substantial legal right which may not be abrogated or abridged at the discretion of the court to the prejudice of the cross-examining party. . . . When the right to cross-examine for this purpose is not altogether denied, the scope and extent of the cross-examination may rest in the court's discretion. . . . We have said that a trial court has a reasonable discretion to control the extent of cross-examination of state's witnesses when it is aimed at attacking credibility . . . ." *State v. Luzzi,* 147 Conn. 40, 46. From the record before us, we cannot say that the court abused its discretion in limiting the cross-examination of the witnesses.

There is no error.

In this opinion PRUYN and DEARINGTON, Js., concurred.