## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

City of Alexandria

    v.

Thorne

June 10, 1981

Case No. (Chancery) 12248

By JUDGE WILEY R. WRIGHT, JR.

The defendant has moved to quash the notice of his deposition and the request for production of documents.

This cause involves a petition for an injunction brought by the City of Alexandria against Thorne, the operator of a taxicab leasing business. The City alleges that Thorne has been operating his business out of his private residence in violation of the RB zoning classification for the property.

The defendant contends that the forced taking of his deposition and the disclosure of the requested documents will violate his constitutional right against self-incrimination. The City seeks to obviate the problem by offering the defendant use immunity as to any information acquired from the defendant. When queried, counsel for the City was unable to cite any authority for granting the defendant use immunity.

Unless authorized by statute, no prosecutor, judge, grand jury, administrative agency or city attorney has the power to grant use immunity in any case. This is the general, settled rule in this country. See 81 Am. Jur. 2d, *Witnesses*, § 57; *Bowie v. State*, 287 A.2d 782, 787 (Md. App. 1972); *State*

v. *Roberts*, 230 A.2d 239, 241 (Conn. App. 1967); and *Apodaca* v. *Viramontes*, 212 P.2d 425, 427-28 (N.M. 1949). Although Virginia has several immunity statutes, there does not appear to be any authority for the granting of immunity in this type of case. Consequently, the offer of the Assistant City Attorney is of no avail.

The defendant is correct in his assertion that the privilege against self-incrimination applies to civil cases. Unlike in criminal cases, the defendant in a civil case may not assert a blanket privilege. A privilege must be specifically claimed on a particular question and the matter submitted to the court for its determination as to the validity of the claim. *North American Mtg. Investors* v. *Pomponio*, 219 Va. 914, 252 S.E.2d 345 (1979).

Under the rules set forth in *Shapiro* v. *United States*, 335 U.S. 1, 68 S.Ct. 1375 (1948), the privilege against self-incrimination does not apply to records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation, and the enforcement of restrictions validly established.

The *Shapiro* rule applies in this case to all of the items requested in the notice except nos. 5 and 6 to which the objections of the defendant will be sustained.