Rockingham
No. 92-150

THERESA G. AND JOHN J. KING,
EXECUTORS OF THE ESTATE OF ERNEST J. GOVE, SR.

v.

EDNA G. MOSHER

July 23, 1993

454

*Burns, Bryant, Hinchey, Cox, & Schulte, P.A.*, of Dover (*Donald R. Bryant* and *Linda J. Mayrand* on the brief, and *Ms. Mayrand* orally), for the plaintiffs.

*Holland, Donovan, Beckett & Hermans, P.A.*, of Exeter (*William H.M. Beckett* on the brief and orally), for the defendant.

HORTON, J.   The defendant appeals a decision of the Superior Court (*Gray*, J.) in an equitable proceeding initiated by executors of an estate to ascertain ownership of certain personal property. The

defendant contends that the superior court erred when it awarded, as part of its order disposing of the equitable proceeding, judgment to the plaintiffs in a related but unconsolidated legal action between the same parties. We reverse and remand.

The Kings and Mosher were co-executors of the will of Ernest Gove. Mr. Gove was the father of defendant Edna Mosher and plaintiff Theresa King. Plaintiff John King is the husband of Theresa King. During Mr. Gove's last months, Mosher obtained his power of attorney so she could administer his affairs. After Mr. Gove's death, the Kings questioned the ownership of certain assets in Mosher's possession and challenged the validity of certain transactions made under the power of attorney. In March 1990, the Kings initiated a probate proceeding in the Rockingham County Probate Court to determine the ownership of the property in question. On May 1, 1990, the probate court dismissed the case for lack of jurisdiction. One week later Mosher brought a legal action in superior court against the Kings, as executors of the estate, seeking to recover the value of services she rendered to her father and for payment of a loan she had made to him. Mosher requested a jury trial. At roughly the same time, Mosher resigned her position as co-executrix of her father's estate.

In June 1990, the Kings brought the equitable proceeding underlying this appeal, asking the superior court to determine ownership of the disputed personal property. Mosher's answer denied the Kings' allegations and alleged numerous facts related to the transfer and value of the disputed property. None of Mosher's counter allegations, however, referred to issues raised in her legal action against the estate.

The hearing in the Kings' equitable proceeding was scheduled first. The notice of hearing referred to only the equitable proceeding, and the parties agree that it was their mutual understanding that the only case before the court was the Kings' equitable proceeding. Although the parties directed their evidence to the ownership of the disputed property, Mosher testified that her legal action against the estate was to "offset" the Kings' initial probate proceeding. Further, she stated that she would, in all likelihood, withdraw her action against the estate if she prevailed in the equitable proceeding.

In its decision, the superior court not only found that the estate owned the bulk of the disputed property, but also awarded judgment to the Kings, as executors, in Mosher's pending legal action. The court found that Mosher did not present any evidence in the equitable proceeding relative to her claims in the legal action and held that

her legal action "was purely retaliatory in nature and [had] no merit." Mosher appeals only from the dismissal of her legal action.

Mosher contends that the court's *sua sponte* dismissal of her case violated her constitutional guarantees to notice and an opportunity to be heard under both the State and Federal Constitutions. The Kings contend that the court was justified in dismissing the action, claiming Mosher's testimony showed that her action was frivolous and brought in bad faith.

As a preliminary matter, we note that the character of the court's *sua sponte* award of judgment was that of a dismissal. The case was still in the pretrial process, the parties had presented no evidence, and to the extent the court based its decision on the retaliatory nature of Mosher's motive, it appears to have dismissed the case as frivolous. The question before us, then, is whether under the circumstances of this case, the court may, *sua sponte*, dismiss the legal action.

■ Involuntary dismissal is a severe sanction. Although the court may, in some instances, dismiss an action *sua sponte*, the fundamental requirements of due process require that a party be provided with such notice and opportunity to be heard as will adequately safeguard the rights for which constitutional protection is invoked. *See City of Claremont v. Truell*, 126 N.H. 30, 35, 489 A.2d 581, 585 (1985); N.H. CONST. pt. I, art. 15; *see also Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314 (1950).

■ By dismissing Mosher's action without notice and an opportunity for a hearing, the trial court violated Mosher's due process rights under the New Hampshire Constitution. The court dismissed the legal action because Mosher did not present any evidence as to the "specific services performed which form the basis of the claim or as to the monetary value assigned to any services claimed in the writ." There was no reason Mosher should have presented such evidence to the court. The only docket number listed in the notice of hearing was that of the equitable proceeding. Neither the Kings' nor Mosher's pleadings in the equitable proceeding alleged any facts related to Mosher's claims in her legal action. All parties agree that they thought the only issues before the court were those related to the ownership of the disputed personal property. Nor did the parties enlarge upon the issues during the hearing. *See Gosselin v. Gosselin*, 136 N.H. 350, 352–53, 616 A.2d 1287, 1288 (1992) (issues enlarged at trial and party deemed to have consented by way of participation and failure to object).

■■ The trial court's dismissal of Mosher's action on the alternate basis that it was "purely retaliatory in nature and [had] no real merit" was inappropriate. The court may strike from the pleadings a cause of action or defense that is sham, frivolous, or wholly vexatious, *see* 61A AM. JUR. 2D *Pleading* § 212, at 208 (1981), because such a pleading fails to state a claim upon which relief can be granted. Additionally, "[w]here a party concedes in open court that a fact exists, which, when considered with the allegations of [its] petition, necessarily leads to the conclusion that [the] petition is insufficient as a matter of law and cannot be amended to make it legally sufficient, [the] petition may be stricken as frivolous." *State v. Weygandt, C.J.*, 170 Ohio St. 81, 85, 162 N.E.2d 845, 848 (1959).

■■ A plaintiff's motive in bringing an action, however, does not determine whether an action is frivolous. In the context of awarding attorney's fees, we have described bad faith, or frivolous, litigation as actions in which parties are "forced to litigate in order to enjoy what a court has already decreed," *Adams v. Bradshaw*, 135 N.H. 7, 17, 599 A.2d 481, 488 (1991), *cert. denied*, — U.S. —, 112 S. Ct. 1560 (1992) (quotation omitted), and actions lacking "any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be." *Id.* (quotation omitted). The law will not deny a party a valid claim simply because that party is driven by impure motives or bears the opposition ill will.

■ Indeed, far from failing to state a claim, Mosher's writ states that she is owed money both for services provided to her father and on a debt he owed her. If proven, Mosher's allegations state two legitimate claims, and therefore, the court should have allowed her to carry them forward. If, after having given Mosher an opportunity to present facts supporting her allegations, the court finds that Mosher's action is frivolous and vexatious, then the court may impose appropriate sanctions. *See id.* at 16–17, 599 A.2d at 487–88.

■ Finally, the Kings contend that the doctrine of collateral estoppel bars Mosher from proceeding with her "claim for services and the repayment of a loan." They assert that the equity court's decision that Mosher's claim was retaliatory and without merit precludes the assertion of this claim in her legal action. As we have just stated, these issues were not resolved at the hearing, and therefore, collateral estoppel does not apply. *See Daigle v. City of Portsmouth*, 129 N.H. 561, 570, 534 A.2d 689, 693 (1987) (issue to be estopped must be finally resolved on the merits).

The superior court erred when it dismissed Mosher's legal action. We reverse its dismissal and remand Mosher's action, docket no. 90-C-1028, for further proceedings in accordance with this opinion.

*Reversed and remanded.*

All concurred.