Rockingham
No. 97-085

## JOHN AND ANNETTE KUKENE

### v.

## JEANNE M. GENUALDO

March 21, 2000

*Shaheen & Gordon, P.A.*, of Concord (*Arpiar G. Saunders, Jr.* on the brief and orally), for the plaintiffs.

*Law Offices of Carpenito, P.A.*, of Salem (*James C. McCoy, III* on the brief and orally), for the defendant.

PER CURIAM. The plaintiffs, John and Annette Kukene, appeal a Superior Court (*Coffey*, J.) award of attorney's fees to the defendant, Jeanne M. Genualdo. We vacate in part, reverse in part, and remand.

Annette Kukene and Jeanne Genualdo are sisters. In 1970, their father, Arthur Genualdo, conveyed to the plaintiffs a parcel of land from his own larger tract of land. While developing their parcel, the plaintiffs also began regularly using and maintaining an abutting strip of their father's land. In 1993, the defendant inherited from her parents land that included the strip in question. The defendant subsequently requested a variance for her property, to which the plaintiffs objected at a public hearing, leading to a deterioration in relations between the parties. After the defendant attempted to prevent the plaintiffs from using or maintaining the strip of land, the plaintiffs brought an action to quiet title in 1994, claiming adverse possession.

In response, the defendant erected a fence on the record property line. The plaintiffs sought a preliminary injunction to remove the fence. After a hearing, the court denied the request for injunctive relief, finding that the plaintiffs had not established a likelihood of success on the merits nor a threat of irreparable harm. In particular, the court found that a 1985 conveyance by Arthur to the plaintiffs of land comprising a part of the disputed strip interrupted any continuous, adverse use of the land and prevented the plaintiffs from establishing that they had satisfied the twenty-year requirement for adverse possession.

In January 1995, the plaintiffs moved for summary judgment, which the Superior Court (*Coffey*, J.) denied, finding genuine issues of material fact in dispute. In March 1995, the defendant moved for judgment on the pleadings. The Superior Court (*Gray*, J.) denied the motion. Also in March 1995, the defendant moved for summary judgment. The Superior Court (*Coffey*, J.) denied the motion. The defendant again moved for summary judgment in January 1996,

after conducting depositions of the plaintiffs, arguing that the new evidence showed no genuine issues of material fact regarding any of the elements of adverse possession. The Superior Court (*Coffey*, J.), having previously ruled that genuine issues of material fact remained with regard to continuity and adversity, considered only whether the plaintiffs' use was permissive. It found that the plaintiffs' deposition testimony was ambiguous as to whether they used the land with Arthur's permission. Concluding that "a genuine issue of material fact remain[ed] as to whether the plaintiffs' use . . . was permissive," the court denied the defendant's motion.

The parties proceeded to a bench trial in May 1996. At the close of the plaintiffs' case, the defendant moved to dismiss the action. The trial court granted the motion, finding that the plaintiffs had failed to establish that their use, *inter alia*, was adverse and nonpermissive. It subsequently awarded attorney's fees to the defendant on the grounds that "the plaintiffs pursued this case to trial in bad faith and with vexatious motivations." The plaintiffs appeal this award.

"In reviewing a superior court award of attorney's fees, we apply an abuse of discretion standard, giving tremendous deference to the court's decision. To constitute abuse, reversible on appeal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party. If there is some support in the record for the trial court's determination, we will uphold it." *Glick v. Naess*, 143 N.H. 172, 175, 722 A.2d 453, 455 (1998) (quotations, citations, and brackets omitted).

█ Attorney's fees may be awarded "where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct . . . [or to] those who are forced to litigate against an opponent whose position is patently unreasonable." *Clipper Affiliates v. Checovich*, 138 N.H. 271, 278, 638 A.2d 791, 796 (1994) (quotations and citations omitted).

█ We turn first to the trial court's finding of bad faith. A party pursues a claim in bad faith if the claim is frivolous. *See King v. Mosher*, 137 N.H. 453, 457, 629 A.2d 788, 791 (1993). A frivolous claim lacks "any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be." *Id.* (quotation omitted).

The trial court's finding of bad faith was based largely upon the plaintiffs' prosecution of their case with the same

4

evidence that the court previously found inadequate [at the preliminary injunction hearing]. While such a finding will not be appropriate in all cases, under the particular facts of this case, the evidence was so inadequate at the preliminary [injunction] hearing that it was in bad faith that the plaintiffs pursued this matter without proffering substantial additional evidence.

Thus, it appears that the trial court's rationale for awarding attorney's fees was that the plaintiffs continued to litigate after losing the preliminary injunction hearing.

■ Initially, we point out that a denial of a preliminary injunction is not by itself a determination that the underlying case is frivolous. Although a party seeking an injunction must show that it would likely succeed on the merits, injunctive relief is an equitable remedy, requiring the trial court to consider the circumstances of the case and balance the harm to each party if relief were granted. *See UniFirst Corp. v. City of Nashua*, 130 N.H. 11, 14-15, 533 A.2d 372, 374-75 (1987). "[A] preliminary injunction is a provisional remedy . . . that . . . preserve[s] the status quo pending a final determination of the case on the merits." *Davis v. Sponhauer*, 574 N.E.2d 292, 302 (Ind. Ct. App. 1991). A denial of a preliminary injunction based on the failure to show a likelihood of success should not constitute a judgment that the underlying claim is frivolous, foreclosing a trial. *Cf. id.* Therefore, the defendant's contention that the denial of the preliminary injunction gave the plaintiffs notice that their evidence was inadequate and that it would be in bad faith for them to proceed on the same evidence is without merit.

As stated, the trial court's finding of bad faith was "based *largely* upon the plaintiffs' prosecution of their case with the same evidence that the court previously found inadequate [at the preliminary injunction hearing]." (Emphasis added.) If the trial court's *sole* rationale for finding bad faith was the plaintiffs' continuation of their suit after being denied a preliminary injunction, it would have been incorrect. The record is unclear on this point.

The plaintiffs additionally contend that the trial court's denial of the defendant's motions for summary judgment precluded its subsequent finding that the plaintiffs pursued the litigation in bad faith. Under the facts of this case, we agree. We note, however, in doing so we are not adopting a rule that a denial of summary judgment *per se* precludes a finding of bad faith because the standards for each are distinct.

██ The purpose of summary judgment is to end litigation expeditiously when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Brown v. John Hancock Mut. Life Ins. Co.*, 131 N.H. 485, 490, 558 A.2d 822, 824 (1989). In ruling on a defendant's motion for summary judgment, a trial court must consider the evidence in the light most favorable to the nonmoving plaintiff. *See High Country Assocs. v. N.H. Ins. Co.*, 139 N.H. 39, 41, 648 A.2d 474, 476 (1994). If the evidence offered on the summary judgment motion gives rise to two inferences, one of which supports the plaintiff's case, the court is required to assume the inference in favor of the plaintiff to be true. *See Goss v. State*, 142 N.H. 915, 916, 714 A.2d 225, 226 (1998); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Conversely, in awarding attorney's fees for bad faith, a trial court need not make all inferences in the plaintiff's favor. *Cf. Clipper Affiliates*, 138 N.H. at 278, 638 A.2d at 796. Rather, a trial court has discretion to award attorney's fees where it finds that "litigation [was] instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct . . . [or that a party was] forced to litigate against an opponent whose position [was] patently unreasonable." *Id.* (quotations and citation omitted). Therefore, a party could pursue litigation in bad faith even after summary judgment has been denied to an opposing party.

██ Here, the trial court denied the defendant's two motions for summary judgment because genuine issues of material fact remained with respect to the elements of the adverse possession claim. The trial court denied the defendant's second motion for summary judgment because it found that the evidence was "ambiguous" as to whether the plaintiffs' use of the defendant's land was permissive. After a bench trial, however, the trial court granted the defendant's motion to dismiss because, *inter alia*, the plaintiffs failed to establish that their use was nonpermissive. Moreover, as the defendant concedes, she "cannot explain why the Trial Court ruled at the hearing for preliminary injunctive relief that continuity had been broken, and then, upon hearing the same evidence at trial, reached the conclusion that the Plaintiffs['] use had been open and continuous." Given such irreconcilable findings, the plaintiffs are understandably confused by the court's conflicting rulings. Thus, the trial court's finding of bad faith is undermined by its previous decisions to permit the plaintiffs to continue to litigate the case. We therefore hold that under the facts of this case, the trial court abused its discretion in finding that the plaintiffs acted in bad faith

6

given that they merely attempted to respond to the trial court's uncertain posture throughout the entire litigation.

We next turn to the trial court's award of fees based on its finding that the plaintiffs pursued their adverse possession claim "with vexatious motivations." The defendant contends that the trial court properly found the plaintiffs' conduct during litigation to be vexatious. The trial court, however, referred to "vexatious motivations," not conduct.

■ "A plaintiff's motive in bringing an action . . . does not determine whether an action is frivolous." *King*, 137 N.H. at 457, 629 A.2d at 791. The question is whether litigation was "unnecessary" because the claim was meritless. *See Keenan v. Fearon*, 130 N.H. 494, 502, 543 A.2d 1379, 1383 (1988). "The law will not deny a party a valid claim simply because that party is driven by impure motives or bears the opposition ill will." *King*, 137 N.H. at 457, 629 A.2d at 791. Thus, while we are mindful of our deference to the trial court, its reliance on the plaintiffs' motivation as a basis for awarding fees was error.

We recognize that we grant the trial court "tremendous deference" in awarding attorney's fees because of its unique position in viewing the evidence and parties. *See Daigle v. City of Portsmouth*, 137 N.H. 572, 574, 630 A.2d 776, 777 (1993). We will not overturn its award of attorney's fees if there is "some support in the record" to support its finding. *Id.* (quotation omitted). Our review of the record indicates that the reasons that the trial court gave for granting the defendant's motion to dismiss do not constitute sufficient reasons for awarding attorney's fees. That valid reasons existed to deny the plaintiffs' adverse possession claim does not lead to the conclusion that the "litigation [was] instituted or unnecessarily prolonged through [the plaintiffs'] oppressive, vexatious, arbitrary, capricious or bad faith conduct" against the defendant. *Clipper Affiliates*, 138 N.H. at 278, 638 A.2d at 796.

We have reviewed the parties' remaining arguments and find them to be without merit. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993). Because it is unclear from the record upon what additional grounds the trial court's bad faith finding was based, we vacate and remand for findings consistent with this opinion.

*Vacated in part; reversed in part; and remanded.*

THAYER, J., sat but, on administrative leave, did not participate; NADEAU, J., did not sit; the others concurred.