Hillsborough-northern judicial district
No. 99-805

IN THE MATTER OF JUDITH O. THAYER AND W. STEPHEN THAYER, III

April 25, 2001

*Theodore Kamasinski*, appearing pursuant to Supreme Court Rule 33(2), by brief and orally, for the petitioner.

*Brennan, Caron, Lenehan & Iacopino*, of Manchester (*William E. Brennan* and *William J. Quinn* on the brief, and *Mr. Brennan* orally), for the respondent.

PER CURIAM. The petitioner, Judith O. Thayer, appeals from rulings by the Superior Court (*Conboy*, J.) in her divorce from the respondent, W. Stephen Thayer, III. We affirm.

The parties were married on December 27, 1982 and separated in July 1998. In September 1998, the petitioner filed a libel for divorce citing irreconcilable differences leading to the irremediable breakdown of the marriage. *See* RSA 458:7-a (1992) (amended 1998). The trial primarily centered on the parties' financial difficulties and their effect upon the distribution of the marital estate. The trial court approved certain interim measures, including the sale of the marital home, to preserve the parties' assets and reserved the issue of the distribution of those assets to the final hearing.

On appeal, the petitioner contends that the trial court erroneously: (1) admitted a letter from the parties' realtor concerning valuation issues pertinent to the marital home; (2) failed to find modifications to a purchase and sale agreement inconsistent with fundamental contract law; (3) found both parties responsible for the family debt; and (4) made various evidentiary rulings.

Our review is limited to whether the trial court abused its discretion. "Trial courts are afforded broad discretion in divorce

matters, and we will not overturn the trial court's rulings regarding property settlement absent an abuse of discretion, or error of law." *Fabich v. Fabich*, 144 N.H. 577, 579 (2000) (quotation, citations and brackets omitted). "To show an abuse of discretion, the [petitioner] must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of [her] case." *State v. Pelkey*, 145 N.H. 133, 135 (2000) (quotation omitted). "If there is some support in the record for the trial court's determination, we will uphold it." *Kukene v. Genualdo*, 145 N.H. 1, 3 (2000) (quotation omitted).

The first two claims of error are directed at the sale of the marital home. During the course of the marriage, the parties accumulated considerable debt, much of which was tied to encumbrances on the marital home. Early in the proceedings, the respondent sought to limit the impact of the debt on the marital estate by proposing the sale of the marital home. In its November 1, 1998 temporary decree, the trial court approved the respondent's request. Soon thereafter, the petitioner filed a motion for reconsideration. The petitioner did not contest the sale of the home; rather, she sought reconsideration of how the proceeds from that sale would be distributed. The trial court denied the motion for reconsideration, but made clear that the issue of distribution of the proceeds was preserved. The property was listed with a realtor on November 30, 1998. In August of 1999, the parties received an offer to purchase the home for $250,000. The petitioner, who is a licensed real estate broker, negotiated some of the terms of the sale with the buyers and, on August 13, 1999, signed the purchase and sale agreement.

As the petitioner conceded at oral argument, she thereafter decided that she had been "snookered" and sought to derail the conveyance. The petitioner's claims included assertions that: (1) the price for the property was inadequate; and (2) the purchase and sale agreement had been improperly amended. At motion hearings on September 7, 1999, and October 13, 1999, the trial court rejected the petitioner's claims. In doing so, the trial court emphasized that its orders provided the petitioner with sufficient funds ($30,000) to secure new housing and otherwise preserved the proceeds of the conveyance so they could be equitably distributed after final hearing.

In reference to the claim the price was inadequate, the petitioner contends that the trial court abused its discretion when it admitted into evidence an August 10, 1999 letter written by the parties' realtor. She claims that the letter was not trustworthy and it was admitted in violation of New Hampshire Rule of Evidence 804(b)(5). In the letter, the realtor stated the pending offer was the first to be

received during the nine months that the property had been on the market. The realtor also wrote that the pending offer was the highest and best to be expected and she therefore urged the parties to accept it.

■ The petitioner was the party who introduced the letter. Thus, she has waived any claim that the trial court abused its discretion in granting a request to admit. "The general rule in this jurisdiction is that a contemporaneous and specific objection is required to preserve an issue for appellate review." *State v. McMinn*, 141 N.H. 636, 642 (1997) (quotation omitted). "This rule, which is based on common sense and judicial economy, recognizes that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court." *Id.* (quotations and citations omitted).

■ ■ While the petitioner's failure to object is dispositive, we also observe that her evidentiary claim lacks merit. The petitioner cites New Hampshire Rule of Evidence 804(b)(5), which is a hearsay exception for statements of a deceased person. As the record contains no evidence that the declarant was deceased, the rule does not apply. In addition, "[t]he trial court has broad discretion over the admission of evidence in divorce cases and is not bound by the rules of evidence." *Gosselin v. Gosselin*, 136 N.H. 350, 353 (1992).

The petitioner next argues the trial court erred during a motion hearing on September 7, 1999, when it rejected her claim that modifications to the purchase and sale agreement were improper. Specifically, the petitioner claims the respondent and the buyers added a "time is of the essence" clause and reduced the sales price without her consent. Because there was no demonstration of prejudice, the petitioner has failed to sustain her burden of showing the trial court abused its discretion.

After a home inspection, the buyers requested three modifications to the purchase and sale agreement that: (1) the sellers (the parties in this matter) treat the property for powder post beetles and any other wood destroying insects that may become evident at the time of treatment (a cost of a few hundred dollars); (2) the sellers refund to the buyers, as cash at closing, half the total cost of $14,995 for removing all shingles and re-roofing the entire house; and (3) October 15, 1999 should be the new closing date with time being of the essence. The respondent agreed to pay for the pest extermination and one-half of the roofing cost as requested by the buyers. The respondent also agreed to an October 15, 1999 closing, but did not agree to include "time is of the essence" language. The parties

closed on October 19, 1999, after the trial court appointed a commissioner to act on behalf of the petitioner. In its November 3, 1999 final decree, the trial court awarded seventy-five percent of the proceeds of the sale to the petitioner based on the original $250,000 price. The roofing and pest extermination refunds were deducted from the respondent's remaining twenty-five percent of the proceeds.

The petitioner's claim that the "time is of the essence" provision was improperly added to the agreement is factually incorrect. The language was requested by the buyers, but neither the respondent nor the petitioner agreed to the request. Because the language was not added the petitioner has failed to show the trial court abused its discretion.

■ The petitioner's next claim of error is also misplaced. As far as the petitioner was concerned, the price to which she agreed was not modified. The record supports the trial court's finding that the petitioner agreed to sell the home for $250,000. After closing, the petitioner immediately received $30,000 to find a new home. In the final decree, the trial court awarded seventy-five percent of the net proceeds to the petitioner and twenty-five percent to the respondent based on a $250,000 sale price. The pest control and roofing refunds were deducted from the respondent's twenty-five percent share. Because the petitioner failed to show she was adversely affected by the modifications to the purchase and sale agreement, she cannot sustain her burden of showing that the trial court abused its discretion. *See Kukene*, 145 N.H. at 3.

The petitioner next complains that the trial court's characterization of the accumulated debt as "family" debt was erroneous, contrary to the evidence, made in bad faith and in violation of her protected property rights and her right to due process. The petitioner's brief and oral argument neither referenced the record nor cited any authority to support her position. "[A] mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review." *Douglas v. Douglas*, 143 N.H. 419, 429 (1999) (citation omitted); *see also State v. Chick*, 141 N.H. 503, 504 (1996) (passing reference to constitutional claim renders argument waived); *Keenan v. Fearon*, 130 N.H. 494, 499 (1988) ("off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration). Nonetheless, because the petitioner's claim of unfair distribution is at the heart of her appeal,

we have reviewed the record to ascertain whether it contained sufficient evidence to support the trial court's finding that the accumulated debt was "family" debt.

■ The record includes the petitioner's concession that she was a party to several refinancing loans on the marital homestead and that the proceeds were used for household and family items. The petitioner also testified she used credit cards to pay household expenses and for her own education expenses. In addition, the parties incurred expenses that included private school for their minor child ($30,000 per year), country club dues, extended vacations in Rhode Island (at $6,000 to $8,000 for a month), sporting activities and equipment, and automobile maintenance. The trial court found that "[w]hile such expenses considered individually might not be considered 'extravagant,' the sheer volume of the expenditures resulted in continual debt. The parties lived a lifestyle which they could not afford, and regularly used credit cards to support that lifestyle." There is ample support in the record for the trial court's findings and rulings and therefore they are neither untenable nor unreasonable. *See Kukene*, 145 N.H. at 3.

The petitioner's remaining claim of error is that the trial court adversely affected her property and due process rights in violation of the Federal and State Constitutions by making "manifestly erroneous evidentiary rulings in addition to misrepresenting material and pivotal facts, exclusively for the respondent's benefit." In support of this claim, the petitioner cites two evidentiary rulings. We decline the petitioner's invitation to review the transcripts of the final divorce hearing to discover additional erroneous trial court rulings. *See Douglas*, 143 N.H. at 142. We decline also to rule upon the petitioner's claims of constitutional errors because she has not sufficiently developed these arguments for our review. *See State v. Laurent*, 144 N.H. 517, 521 (1999) ("vague and undeveloped" argument does not require appellate review); *see also Keenan*, 130 N.H. at 499.

The two evidentiary rulings cited by the petitioner both involve the attorney-client privilege. The trial court sustained objections to inquiries as to when the respondent hired an attorney and payment arrangements. In her brief, the petitioner represented that the excluded evidence would have shown "the [respondent's] initial planning, as early as late 1996 or the beginning of 1997, to set up the prerequisites to raid the home equity and jettison his wife and family." Assuming without deciding that the petitioner is correct in

her assertions, we nonetheless hold that she has failed to demonstrate that she has been prejudiced by the trial court's ruling. *See Simpson v. Wal-Mart Stores*, 144 N.H. 571, 575 (1999).

The probative value of the respondent's "initial planning" is directed at what actions he took with respect to marital assets before the petitioner filed her libel. The petitioner was provided a full opportunity to develop the record on the respondent's financial management, including his sources of income and cash, and his spending habits. Additional testimony establishing an early planning date would be at best cumulative. *Cf.* N.H. R. Ev. 403 (evidence is excluded "if its probative value is substantially outweighed by . . . considerations of . . . needless presentation of cumulative evidence"). Because the petitioner has failed to demonstrate any prejudice, there is no abuse of discretion. *See Simpson*, 144 N.H. at 575.

*Affirmed.*

PERKINS, O'NEILL, SMUKLER and FAUVER, JJ., superior court justices, specially assigned under RSA 490:3, concurred.