# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0262, <u>In the Matter of Christopher Osorio and Samantha McAllister</u>, the court on February 27, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Samantha McAllister (mother), appeals an order of the Circuit Court (<u>Rein</u>, Referee, approved by <u>Albee</u>, J.) on the parenting petition filed by the petitioner, Christopher Osorio (father). The mother argues that the court erred in awarding the father sole decision-making responsibility and primary residential responsibility for the parties' child.

The record shows that the father filed his parenting petition in March 2012, at approximately the same time that the New Hampshire Division for Children, Youth and Families (DCYF) was investigating an incident involving the mother and her two sons, one of whom is the parties' child. DCYF filed a neglect petition, and a finding of neglect was made. The father was awarded temporary sole decision-making and residential responsibility for the child. After the neglect case closed, the child's half-sibling was returned to the mother's care, and the child remained in his father's care. The father lives with his mother, step-father, and step-brother in Manchester, and while this case was pending, the mother moved two hours from Manchester, because she "like[s] the community." At the time of the final hearing on the parenting petition, the mother was allowed supervised visitation every other weekend.

At the hearing, the guardian ad litem (GAL) recommended that the mother continue with supervised visitation. The GAL expressed concerns as to the mother's mental health, parenting skills, and ability to control the child's half-sibling, who poses a risk of physical harm to the child. The GAL also expressed concerns as to the mother's attempts to undermine the child's relationship with his father and the father's family by investigating them and making unfounded reports to DCYF.

The trial court, after hearing testimony from the mother, the father, the father's mother, the GAL, and the program coordinator at a supervised visitation center, concluded that continued supervised visitation is in the child's best interest. The court found that the child is "by all accounts (except, perhaps, [the mother's]) a happy and healthy . . . boy. He has a strong support

system on his father's side of the family and is safe and secure among his family members." The court noted that the child "has been living under his father's care for most of his life and there is no reason to change his living arrangement." The court ordered supervised visitation to continue until the mother can demonstrate progress in therapy, an ability to work with the father and his mother regarding the child's welfare, and the use of good judgment in contacting the child's health care, educational, and other providers.

On appeal, the mother argues that the trial court afforded too much weight to the testimony of the father, his mother, and the GAL, and too little weight to her evidence of the father's alleged parenting deficiencies and her own ability to parent the child. She also argues that the court erred in declining to accept into evidence the child's medical records. The court stated that it did not need the records because it had heard "lots of testimony about" the child's medical care. In addition, the mother argues that the court failed to properly sanction the father for the late disclosure of his financial affidavit and other alleged discovery violations. The court ordered the father to pay 75 percent of the GAL's fee, and the mother 25 percent, and it made no order of child support.

"When reviewing a trial court's decision on parenting rights and responsibilities, our role is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion." In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011). "We consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made." Id. (quotation omitted). "The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses." Id. "Conflicts in testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve." Id.

In addition, the trial court has broad discretion over the admission of evidence in parenting cases and is not bound by the rules of evidence. Fam. Div. R. 2.2; In the Matter of Thayer and Thayer, 146 N.H. 342, 345 (2001). We review a trial court's rulings on the management of discovery and the admissibility of evidence under our unsustainable exercise of discretion standard. In the Matter of Hampers & Hampers, 154 N.H. 275, 281 (2006).

We conclude that the record contains an objective basis sufficient to sustain the trial court's parenting plan, see Kurowski, 161 N.H. at 585, and cannot conclude that the court unsustainably exercised its discretion in its management of the proceedings or its rulings on discovery and the admissibility of evidence, see Hampers, 154 N.H. at 281.

We have reviewed the mother's remaining arguments and conclude that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**