# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0408, <u>Kathleen Masi & a. v. Paul Lynn & a.</u>, the court on March 7, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse.

The defendants, Paul Lynn and Sara Lynn, appeal a small claim judgment issued by the Circuit Court (<u>Gardner</u>, J.) in favor of the plaintiffs, Joseph Masi, Jr. and Kathleen Masi. They contend that the trial court erred by: (1) finding that their previous suit against the Wentworth by the Sea Master Association (association) was frivolous; (2) finding that they slandered the plaintiffs' title; and (3) awarding the plaintiffs damages based upon insufficient evidence. We review a trial court's application of law to facts <u>de novo</u> and defer to a trial court's findings of fact, when they are supported by evidence in the record. <u>Blagbrough Family Realty Trust v. A & T Forest Prods.</u>, 155 N.H. 29, 33 (2007).

We first address the trial court's finding that the defendants' previous suit against the association, <u>see</u> <u>Lynn v. Wentworth By The Sea Master Ass'n</u>, 169 N.H. 77 (2016), was frivolous. A frivolous claim is one that lacks any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is or as it might arguably be held to be. <u>Kukene v. Genualdo</u>, 145 N.H. 1, 3 (2000). A plaintiff's motive in bringing an action does not determine whether an action is frivolous. <u>Id</u>. at 6. The question is whether the litigation was unnecessary because the claim was meritless. <u>Id</u>. Litigation is objectively baseless if no reasonable litigant could realistically expect success on the merits. <u>State v. Hynes</u>, 159 N.H. 187, 203 (2009).

In the defendants' suit against the association, the superior court determined that no material facts were at issue and granted the association summary judgment because it found that the defendants' property was subject to an easement by implication. <u>Lynn</u>, 169 N.H. at 81. However, in a ten-page opinion, we concluded that "neither party's position [wa]s correct," <u>id</u>. at 82, and that, contrary to the superior court's ruling, the defendants' property was subject to an express easement, <u>id</u>. at 83. These divergent decisions demonstrate that the law was not clearly established. Thus, the defendants had a reasonable claim in the law as it was or as it might arguably be held to be. <u>See</u> <u>Kukene</u>, 145 N.H. at 3. Neither we, nor the superior court, questioned whether the litigation was baseless or frivolous. Simply losing a claim does not make it frivolous. <u>See, e.g.</u>, <u>Harrington v. Metropolis Property Management Group</u>, 162 N.H. 476, 481

(2011) (declining to find appeal frivolous when appellant lost in trial court and on appeal).

The plaintiffs argue that, in the suit against the association, the superior court found that the defendants failed to demonstrate a likelihood of success on the merits when it denied their motion for a preliminary injunction. However, a denial of a preliminary injunction is not by itself a determination that the underlying case is frivolous. Kukene, 145 N.H. at 4. Although a party seeking a preliminary injunction must show that it would likely succeed on the merits, injunctive relief is an equitable remedy, requiring the trial court to consider the circumstances of the case and balance the harm to each party if relief were granted. Id. Therefore, the plaintiffs' contention that the denial of the preliminary injunction showed that the defendants' case was frivolous lacks merit. See id.

The plaintiffs argue that the fact that the superior court granted the association summary judgment shows that the defendants' action was frivolous. Although summary judgment is appropriate when material facts are not at issue, the trial court must still determine whether the moving party is entitled to judgment as a matter of law. See Condos. at Lilac Lane Unit Owners' Ass'n v. Monument Garden, 170 N.H. 124, 128 (2017) (addressing issues of law on appeal from summary judgment); cf. Kukene, 145 N.H. at 4 (stating denial of defendant's summary judgment motion does not per se preclude finding plaintiff brought action in bad faith). In the defendants' action against the association, the law was not clear as evidenced by the divergence between the superior court's ruling and ours regarding the nature of the easement.

The trial court stated that the defendants' appeal of the superior court's decision in its action against the association "was 'objectively baseless and no reasonable litigant could realistically expect success on the merits.'" However, the analysis in Lynn, including the conclusion that the superior court's analysis was incorrect, demonstrates that, although we ultimately ruled against the defendants, the appeal was not baseless.

The plaintiffs argue that there was no factual basis for the defendants' action against the association because the defendants had actual knowledge of the easement when they purchased the property. However, the knowledge that others claim an easement on one's property does not preclude a decision that the easement is unenforceable. See, e.g., 412 S. Broadway Realty v. Wolters, 169 N.H. 304, 309 (2016) (stating trial court found deeded easement extinguished).

To the extent that the plaintiffs argue that the defendants were constrained by RSA 356-B:15, I (Supp. 2017) from bringing an action to determine the enforceability of the easement, the record does not reflect that they made this argument to the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).

We conclude that the trial court's finding that the defendants' suit against the association was frivolous is not supported by the record.  See Blagbrough, 155 N.H. at 33.  In light of this conclusion, we need not address the defendants' other arguments.

To the extent that the plaintiffs challenge the trial court's ruling that the association was a jural entity or that they are not entitled to recover amounts paid to the association for its attorney's fees, we decline to address such issues because the plaintiffs did not cross-appeal the trial court's order.  See Yager v. Clauson, 169 N.H. 1, 5 (2016) (declining to address appellee's challenge to trial court order when appellee did not cross-appeal).  Any remaining arguments raised by the plaintiffs either are not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Reversed.

Hicks, Lynn, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**